| | |
|---|---|
| 1 | McGREGOR W. SCOTT |
|   | United States Attorney |
| 2 | JEFFREY A. SPIVAK |
|   | THOMAS M. NEWMAN |
| 3 | Assistant United States Attorneys |
|   | 2500 Tulare Street, Suite 4401 |
| 4 | Fresno, CA 93721 |
|   | Telephone: (559) 497-4000 |
| 5 | Facsimile: (559) 497-4099 |
| 6 | Attorneys for Plaintiff |
|   | United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:17-CR-00198-LJO-SKO |
| Plaintiff, | |
| v. | PRELIMINARY ORDER OF FORFEITURE |
| ROBIN GILL, and<br>AMINA PADILLA | |
| Defendants. | |

Based upon the plea agreements entered into between United States of America and defendants Robin Gill and Amina Padilla it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Pursuant to 21 U.S.C. § 853(a), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), defendants Robin Gill and Amina Padilla's interests in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

   a. Ruger Mini 14 Rifle E;

   b. Glock 23 Pistol;

   c. AR-15 Style Pistol;

   d. Sig Sauer SP 2022 Pistol;

   e. Smith & Wesson SW40 VE Pistol;

     f. AR-15 Variant Rifle;

     g. AR-15 parts;

     h. Digital scale;

     i. Any and all ammunition seized from defendant Robin Gill, in this case;

     j. Property seized from Amina Padilla, including, but not limited to an Apple MacBook Pro computer, Samsung cell phone, digital scale, glass object/pipe, notebook and miscellaneous documents.

  2. The above-listed assets is property which constitutes, or is derived from, any proceeds the defendants obtained, directly or indirectly, or was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. §§ 846 and 841(a)(1). Assets (a) to (g) are property involved in a violation of 26 U.S.C. § 5872.

  3. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the U.S. Marshals Service or the U.S. Customs and Border Protection in their secure custody and control.

  4. a. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least thirty (30) consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

    b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), in which all interests will be addressed.

IT IS SO ORDERED.

Dated: **July 6, 2019**                    /s/ Lawrence J. O'Neill
                                            UNITED STATES CHIEF DISTRICT JUDGE